**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 08-20674

ANTHONY A. JAMES,

      Defendant.

                                                   /

**ORDER DENYING DEFENDANT'S MOTION FOR LIMITED RELEASE FROM
DETENTION TO OBTAIN RECORDS**

Before the court is Defendant Anthony A. James' motion for limited release from detention to obtain records, filed on April 8, 2010. For the reasons stated below, the court will deny the motion.

In a Second Superseding Indictment, Defendant has been charged with seven counts of mail fraud, seven counts of wire fraud, and one count of theft or embezzlement from an Employee Benefit Plan. (11/24/09 Second Superseding Indictment.) The Second Superseding Indictment was issued after Defendant was alleged to have committed further acts of fraud while he was released pending his trial on the earlier indictment. (Gov't's 12/14/09 Resp. at 2.) Defendant was subsequently detained because the court found that "there is a serious risk that the defendant will not appear and will not obey any conditions of release" and that "there is a serious risk that the defendant will endanger the safety of another person or the community." (12/7/09 Order of Detention Pending Trial.) Defendant's trial on the Second Superseding Indictment is scheduled to begin on April 12, 2010.

Defendant now seeks release from custody so that he can travel to his house in Fort Lauderdale, Florida to obtain certain documentation that he alleges will contest the accuracy of an affidavit produced by a Securities and Exchange Commission Accountant, Karaz S. Zaki. (Def.'s Mot. ¶¶ 12-13.) Defendant asserts, without explanation, that he is the only person who is able to locate and secure this documentation. (*Id.* ¶ 14.) His counsel asserts that, based on Defendant's representations, this documentation is necessary to effectively represent Defendant. (*Id.* ¶ 15.)

A defendant awaiting trial shall be detained if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The court is to consider four factors to determine whether there are conditions that will reasonably assure the appearance of a defendant: "(1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community." *United States v. Vasilakos*, 508 F.3d 401, 410-11 (6th Cir. 2007) (citing 18 U.S.C. § 3142(g)).

The court finds that no condition or combination of conditions could reasonably assure that Defendant will appear for his trial if he were permitted to go to Florida. 18 U.S.C. § 3142. The court understands from counsels' presentations on the record that Defendant is alleged to have defrauded investors out of some $2,500,000.00, much of which is unaccounted for and, presumably, some portion of which may yet be

accessible to Defendant. A defendant with possible access to substantial capital could acquire the means to flee the jurisdiction of the court, and elude capture.

In addition, Defendant is alleged in the indictment to have committed further crimes while initially released pending trial, and the factual circumstances underlying the counts brought against Defendant indicate a lack of trustworthiness. These factors weigh against releasing Defendant on the eve of trial.

Moreover, Defendant has been charged with many serious offenses and is facing what the Government estimates as Sentencing Guidelines range of 121-151 months imprisonment if convicted. A substantial potential penalty provides an increasingly substantial motive to abscond. Defendant's potential incarceration exposure was presented to him in great detail at his pretrial conference which was held on April 7, 2010. On the eve of trial, having been so recently confronted with these calculations, the court believes that any motive to flee would wax particularly strong. Accordingly,

IT IS ORDERED that Defendant's motion for limited release from detention [Dkt. # 35] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2010, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522